IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-269-H(2)

GRETCHEL CARTER,           )
                           )
    Plaintiff,             )
                           )
                           )
v.                         )        ORDER
                           )
                           )
                           )
BIG LOTS STORES, INC.,     )
                           )
    Defendant.             )

This matter is before the court on defendant's motion to dismiss plaintiff's second, third, and fourth claims for relief [DE #9] and plaintiff's motions to amend her complaint [DE #15 & 19]. The parties have filed responses to the motions, and the time for further filings has expired. This matter is ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff instituted this action in the Superior Court of Wake County, North Carolina, for injuries allegedly sustained by her while shopping at a Big Lots Store in Raleigh, North Carolina. Defendant timely removed the action to this court pursuant to 28 U.S.C. § 1446(b) and 1332(a) based on diversity jurisdiction. On August 9, 2010, defendant filed a motion to dismiss the second, third and fourth claims of plaintiff's

complaint for failure to state a claim upon which relief can be granted. Plaintiff objects to the dismissal of the second and third claims[1] and has moved to amend her complaint in certain respects.[2] (See DE #15 & 19.)

## STATEMENT OF THE FACTS

On May 20, 2007, plaintiff, Gretchel Carter, was shopping at a Big Lots store located on New Bern Avenue in Raleigh, North Carolina. While walking in a pair of open-toed, high-heeled shoes, plaintiff alleges that she tripped on a 2x4 piece of wood that was bolted to the floor. Plaintiff asserts that there were no signs posted or other warnings given to alert shoppers of the danger caused by the 2x4 and that she was later told that the 2x4 was part of a corral used to store shopping carts. Plaintiff alleges that she was permanently injured as a result of the incident and that she has lost her job and been unable to engage in certain activities.

## COURT'S DISCUSSION

---

[1] Plaintiff has consented to the dismissal of her fourth claim. (See DE #19.)

[2] Specifically, plaintiff moves to amend the title to her second claim for relief, add a title to her third claim for relief, amend paragraphs 159 and 160 to omit allegations of willful and wanton conduct and malice, delete paragraphs 158 (willful and wanton conduct), 161 (reckless and intentional behavior), and 169 (ultahazardous activities of defendant), as well as her fourth claim for relief (strict liability). (See Stip. Dismissal [DE #16]; Mot. Amend Compl. [DE #19].)

2

I. Motion to Dismiss

Plaintiff's original complaint purports to assert four claims for relief, to-wit: (1) negligence, (2) punitive damages, (3) an untitled third claim for relief (which plaintiff now refers to as a claim for "failure to keep premise [sic] safe,") and (4) strict liability. Because plaintiff has consented to the dismissal of her strict liability claim, the court is concerned only with whether plaintiff's second or third claims state a claim for relief.

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

3

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). However, it must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The court need not accept as true legal conclusions couched as factual allegations. Twombly, 550 U.S. at 555.

A.  Punitive Damages

Plaintiff's second "claim"[3] for relief seeking punitive damages fails to state a claim upon which relief can be granted. Punitive damages are available under North Carolina law only upon proof that the defendant engaged in conduct that was fraudulent, malicious or willful or wanton. N.C. Gen. Stat. § 1D-15(a). Both plaintiff's original complaint and her proposed

---

[3]As defendant points out, there is no independently cognizable cause of action for punitive damages in North Carolina. Punitive damages are "a form of relief ancillary to a recognized cause of action, which is sought in addition to compensatory damages." Belton v. Dodson Bros. Exterminating Co., No. 1:09CV106, 2009 WL 3200035, at *6 (M.D.N.C. Sept. 30, 2009).

4

amended complaint fail to allege any facts to support such a finding. This claim must therefore be dismissed.

B. Failure to Keep Premises Safe

Plaintiff's third claim is also subject to dismissal. In this claim, plaintiff asserts that defendant was grossly negligent in operating its store with a 2x4 bolted to the floor and that defendant's conduct "demonstrate[s] a careless, reckless, heedless and wanton disregard of the rights and safety of others," including plaintiff. (Compl. ¶¶ 170-74.) These allegations are "formulaic recitations and legal conclusions." See Iqbal, 129 S. Ct. at 1951 (no presumption of truth afforded "formulaic recitations and legal conclusions").

Assuming that defendant negligently operated or maintained its premises, there is simply no factual support for plaintiff's claim that defendant was grossly negligent – that it acted purposefully with a conscious disregard of the safety of others. See Yancey v. Lea, 354 N.C. 48, 53 (2001) ("An act or conduct rises to the level of gross negligence when the act is done purposely and with knowledge that such act is a breach of duty to others, i.e., a conscious disregard of the safety of others.). Plaintiff's third claim for relief must also be dismissed.

5

## II. Motions to Amend

Plaintiff's proposed amendments to her complaint do not remedy the deficiencies with her second and third claims. They provide no additional factual support for plaintiff's claims for punitive damages or gross negligence. Consequently, amendment of plaintiff's complaint would be futile since the claims, if amended, would still be subject to dismissal. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (leave to amend should be denied where amendment would be futile).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE #9] is GRANTED. Plaintiff's second, third, and fourth claims for relief are hereby DISMISSED. Plaintiff's motions to amend her complaint [DE #15 & 19] are DENIED. Remaining before the court is plaintiff's negligence claim.

Pursuant to Local Civil Rule 101.1, EDNC, and Rule 16 of the Federal Rules of Civil Procedure, this matter is referred to United States Magistrate Judge David W. Daniel for a court-hosted settlement conference. Magistrate Judge Daniel is directed to meet with the parties and supervise negotiations, with an aim toward reaching an amicable resolution of the issues. Magistrate Judge Daniel is given full authority to establish such rules as he may desire, which shall be binding

upon the parties and their counsel during the course of the conference. The conference will be conducted at a time and place selected by Magistrate Judge Daniel upon notice to the parties.

This /0ᵀᴴ day of January 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31